**In re Maribel T. and J. Guadalupe ALANIS, Debtors.**

**In re Paul R. and Susan E. Neveu, Debtors.**

**In re Linda D. Smith, Debtor.**

**Nos. 5:03–bk–77391, 5:04–bk–71058, 5:04–bk–73795.**

United States Bankruptcy Court, W.D. Arkansas, Fayetteville Division.

Oct. 18, 2004.

Don Brady, Springdale, AR, for Debtor.

Jean C. Block, Little Rock, AR, for Creditors.

Joyce B. Babin, chapter 13 trustee.

## OPINION

RICHARD TAYLOR, Bankruptcy Judge.

These three cases all concern plan objections in each of the individual debtors' chapter 13 plans of reorganization. The creditors objected to the same plan language in each case. By agreement of the parties, the Court heard the confirmation objections together. The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(L). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

On November 5, 2003, Maribel T. Alanis and J. Guadalupe Alanis filed a voluntary chapter 7 bankruptcy petition. The debtors subsequently filed a motion to convert to a Chapter 13 proceeding, which was granted on February 17, 2004. On March 1, 2004, Mr. and Ms. Alanis filed their chapter 13 plan of reorganization. On March 22, 2004, Bank of Oklahoma filed a timely objection to the debtors' proposed plan.

On February 17, 2004, Paul R. Neveu and Susan E. Neveu filed a voluntary chapter 13 bankruptcy petition, including a plan of reorganization. On April 15, 2004, Mr. and Ms. Neveu filed an amended plan

of reorganization. On May 5, 2004, Evergreen Mortgage Company filed a timely objection to the debtors' proposed amended plan. The Court sustained the creditor's objection to confirmation, and, on August 2, 2004, the debtors filed an amended plan. On August 25, 2004, Evergreen Mortgage Company filed a timely objection to confirmation of the amended plan.

On June 3, 2004, Linda D. Smith filed a voluntary chapter 13 bankruptcy petition, including a plan of reorganization. On July 7, 2004, Greenpoint Mortgage Company filed a timely objection to the debtor's proposed plan.

In each of these cases, the creditor objected to language in the debtors' plans that enjoined a creditor from including in any proof of claim certain charges or fees in the absence of prior approval of the Court. Specifically, the language stated that confirmation of the debtors' plan shall impose an affirmative duty on creditors secured by mortgages or deeds of trust to

refrain from including in any proof of claim filed with the Trustee any postpetition charges or fees of any nature whatsoever for the review of the plan, schedules or other documents filed by the debtor(s), for any review and analysis of loan documents, for the preparation and filing of the proof of claim, and for attending 314(s) [sic] meeting of creditor or continued meeting of creditor(s); provided that such fees and charges have not been approved by the Bankruptcy Court after proper notice and hearing.

■ The bankruptcy code defines "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). As recognized by the debtors, a fee generated after the petition

is filed but before confirmation of the debtors' plan may include attorney fees and related expenses for review of the plan, schedules, or other documents filed by the debtors; review and analysis of loan documents; preparation and filing of the proof of claim; and attending the meeting of creditors. If the fees and expenses were based on the creditors' right to collect the fees under the respective pre-petition mortgages or deeds of trust, the right to payment would be part of a pre-petition claim, even though the fees and charges were not incurred until after the debtors filed their respective bankruptcy petitions. *See, e.g., In re Byrd,* 192 B.R. 917, 919 (Bankr.E.D.Tenn.1996) ("A contractual right to payment of contingent, unliquidated, postpetition attorney fees is a prepetition claim.").

■ There is no requirement in the bankruptcy code or rules that a creditor must obtain prior approval of its postpetition charges or fees before including those fees in its proof of claim, as the debtors' plan language would require. Because of this, the Court sustains the creditors' objections to confirmation of the debtors' plans with twenty days for the debtors to amend.

This holding does not ignore the concern of the debtors that such fees be reasonable. Section 506(b) allows the holder of an oversecured claim "interest on such claim, and any *reasonable* fees, costs, or charges provided for under the agreement under which such claim arose." 11 U.S.C. § 506(b) (emphasis added). Nothing prevents the debtors from objecting to the reasonableness of fees, or for any other reason, after a proof of claim is filed. Additionally, this holding should not be construed to suggest conclusively that an ambiguous but uncontroverted claim permits the creditor to later, perhaps after the bankruptcy or at the time a release deed is

requested, assess bankruptcy related fees and costs not fully addressed in its proof of claim.

IT IS SO ORDERED.