In re Michael Wayne MANUS.

No. 5:05 BK 70196.

United States Bankruptcy Court, W.D. Arkansas, Fayetteville Division.

May 12, 2005.

---

John M. Blair, Rogers, AR, for the debtor.

Michael J. Ptak, Pender, McCastlain & Ptak, A Professional Association, Little Rock, AR, for U.S. Bank.

Joyce B. Babin, chapter 13 trustee.

## MEMORANDUM OPINION AND ORDER

RICHARD D. TAYLOR, Bankruptcy Judge.

On January 11, 2005, the debtor filed a voluntary chapter 13 petition and plan of reorganization. On February 10, 2005, U.S. Bank, N.A. [U.S. Bank] filed a timely objection to the debtor's proposed plan. The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(L). U.S. Bank's objection relates to the inclusion of language in the debtor's plan that imposes an affirmative duty on U.S. Bank to disclose its postpetition fees. For the reasons stated below, the objection is sustained.

On April 20, 2005, the debtor filed a Motion for Summary Judgment, which alleges that no issue of material fact needs to be tried in relation to U.S. Bank's objection. According to the debtor, the only issue before the Court is whether the language contained in his Narrative Statement of Plan is permissible. On April 30, 2005, U.S. Bank filed its Response to Debtor's Motion for Summary Judgment. Its response addresses the language imposing an affirmative disclosure duty on U.S. Bank. U.S. Bank also suggests the plan language constitutes an impermissible modification of its mortgage. Although U.S. Bank alleges it holds a secured claim constituting a first lien on the debtor's property, the Court cannot make such a finding without evidence in support of that allegation.[1] Accordingly, the Court will not address U.S. Bank's argument that the proposed plan language impermissibly modifies the rights of a claim secured only

---

1. Neither party submitted a statement of the material facts to which it contends there is no issue to be tried, as required by Rule 56.1 of the United States District Court for the Western District of Arkansas.

by a security interest in the debtor's principal residence.

■ U.S. Bank objects to language in the debtor's plan that forbids all holders of claims secured by mortgages or deeds of trusts from imposing legal fees incurred post-petition without notice to the debtor's counsel and filing a post-petition claim. Specifically, the language states that confirmation of the debtors' plan

> shall impose an affirmative duty on the holders of all claims secured by mortgages or deeds of trust on real property of this estate to: (d) refrain from the imposition of any legal fees incurred post-petition without notice to debtor's counsel and filing of a post-petition claim. Confirmation of this plan shall impose an affirmative duty on each secured party to comply with these provisions and upon failure to so comply, after twenty days notice to cure has been mailed to said creditor and his attorney, debtor may seek damages in the maximum amount allowable by the court for each and every breach thereof plus reasonable legal fees and in appropriate cases to special damages and punitive damages.

Although the above plan language and underlying facts are not identical, this Court's previous ruling in *In re Alanis,* 316 B.R. 323 (Bankr.W.D.Ark.2004), is dispositive. The bankruptcy code defines "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). If a fee or expense claimed by a creditor is based on the creditor's right to collect the fees under the respective pre-petition mortgage or deed of trust, the right to payment would be part of a pre-petition claim, even though the fees and charges were not incurred

until after the debtor filed his respective bankruptcy petition. *Alanis,* 316 B.R. at 325 (citing *In re Byrd,* 192 B.R. 917, 919 (Bankr.E.D.Tenn.1996)).

■ There is no requirement in the bankruptcy code or rules that a creditor refrain from imposing such post-petition fees in a proof of claim without giving notice to a debtor and filing a post-petition claim. Because of this, the Court sustains U.S. Bank's objection to confirmation of the debtor's plan to the extent the debtor is requiring notice and a post-petition claim before U.S. Bank can claim fees and expenses under a pre-petition mortgage or deed of trust. The debtor shall have 20 days from the entry of this order to amend his plan.

As stated in *Alanis,* and equally valid here, this holding should not be construed to suggest conclusively that an ambiguous but uncontroverted claim permits the creditor to later, perhaps after the bankruptcy or at the time a release deed is requested, assess bankruptcy related fees and costs not fully addressed in its proof of claim. Nor does this holding suggest that post-petition attorney fees and costs incurred outside the scope of its pre-petition contract, or pre-petition fees and costs not included or addressed in its proof of claim, would later be allowed in contravention of the bankruptcy code or rules.

IT IS SO ORDERED.